FILED

2016 Oct-26  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

THE WATER WORKS AND
SEWER BOARD OF THE CITY
OF GADSDEN,

      Plaintiff,

v.

3M COMPANY; APRICOT
INTERNATIONAL, INC.;
ARROWSTAR, LLC; BEAULIEU
GROUP, LLC; BEAULIEU OF
AMERICA, INC.; COLLINS &
AIKMAN FLOOR COVERING
INTERNATIONAL, INC.;
DALTONIAN FLOORING, INC.;
DEPENDABLE RUG MILLS, INC.;
DORSETT INDUSTRIES, INC.;
DYSTAR, L.P.; ECMH, LLC d/b/a
CLAYTON MILLER
HOSPITALITY CARPETS;
EMERALD CARPETS, INC.;
FORTUNE CONTRACT, INC.;
HARCROS CHEMICALS INC.;
HOME CARPET INDUSTRIES,
LLC; INDIAN SUMMER CARPET
MILLS, INC.; INDUSTRIAL
CHEMICALS, INC.; J&J
INDUSTRIES, INC.; KALEEN
RUGS, INC.; LEXMARK CARPET
MILLS, INC.; LYLE INDUSTRIES,
INC.; MFG CHEMICAL, INC.;
MOHAWK CARPET, LLC;
MOHAWK GROUP, INC.; MOHAWK
INDUSTRIES, INC.; NPC SOUTH,

CIVIL ACTION NO. _____

*Removed from the Circuit Court of
Etowah County, Alabama,*

Civil Action No.: 31-CV-2016-900676.00

1

INC.; ORIENTAL WEAVERS USA,
INC.; S & S MILLS, INC.;
SAVANNAH MILLS GROUP, LLC;
SHAW INDUSTRIES, INC.;
TANDUS CENTIVA, INC.; TANDUS
CENTIVA US, LLC; THE DIXIE
GROUP, INC.; TIARCO CHEMICAL
COMPANY, INC.; VICTOR CARPET
MILLS, INC.; and FICTITIOUS
DEFENDANTS A-J, those persons,
corporations, partnerships or entities
who acted either as principal or agent,
for or in concert with the other named
Defendants and/or whose acts caused
or contributed to the damages
sustained by the Plaintiff, whose
identities are unknown to the Plaintiff,
but which will be substituted by
amendment when ascertained,

        Defendants.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Shaw Industries, Inc., through

undersigned counsel, hereby files this removal of the state court action entitled *The*

*Water Works and Sewer Board of the City of Gadsden v. 3M Company, et al.*, in

the Circuit Court of Etowah County, Alabama, Middle Division, Civil Action file

No: 31-CV-2016-900676.00, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.   The

following defendants (3M Company, Apricot International, Inc., Arrowstar, LLC,

Beaulieu Group, LLC, Beaulieu of America, Inc., Daltonian Flooring, Inc.,

Dependable Rug Mills, Inc., Dorsett Industries, Inc., Dystar, L.P., ECMH, LLC

d/b/a Clayton Miller Hospitality Carpets, Emerald Carpets, Inc., Fortune Contract, Inc., Harcros Chemicals Inc., Home Carpet Industries, LLC, Indian Summer Carpet Mills, Inc., J&J Industries, Inc., Kaleen Rugs, Inc., Lexmark Carpet Mills, Inc., Lyle Industries, Inc., MFG Chemical, Inc., Mohawk Carpet, LLC, Mohawk Group, Inc., Mohawk Industries, Inc., NPC South, Inc., Oriental Weavers USA, Inc., S&S Mills, Inc., Savannah Mills Group, LLC, Tandus Centiva, Inc., Tandus Centiva US, LLC, The Dixie Group, Inc., Tiarco Chemical Company, Inc., and Victor Carpet Mills, Inc.) consent to the removal of this action (<u>see</u> consents to removal attached hereto at Exhibit A).

## I. State Court Proceedings.

1.     Plaintiff, The Water Works and Sewer Board of the City of Gadsden, commenced this action in the Circuit Court of Etowah County, Alabama, Middle District by filing a complaint ("Complaint").  A true copy of each pleading filed in the Circuit Court of Etowah County, Alabama as of the date of this notice, is attached to this Notice of Removal as Exhibit B.

2.     The Complaint was filed on or about September 22, 2016, and the Plaintiff proceeded to serve the Complaint upon defendants after that date.  Shaw was served on October 5, 2016.  Shaw is filing this notice of removal less than 30 days from service.  <u>See</u> 28 U.S.C. 1446(b).

3.     None of the defendants have been served with the Complaint more than 30 days prior to the filing of this Notice of Removal.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441.

3.     No further proceedings have taken place in this action.

## II.  Removal of this Action is Proper.

4.     This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest and is between citizens of different states.

5.     Under 28 U.S.C. § 1332, this Court has jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.  These civil actions "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a) and (b).

6.     The Complaint asserts claims against certain defendants who are owners and operators of carpet manufacturing facilities in and around Dalton , Georgia (the "Manufacturing Defendants").  See Complaint at ¶ 47.  Specifically, the Plaintiff alleges that "[t]he City of Dalton, Georgia, contains over 150 carpet manufacturing plants and more than 90% of the world's carpet is produced within a

65-mile radius of the city."  The Complaint alleges that these Manufacturing

Defendants have used perfluorinated compounds ("PFCs"), perfluorooctanoic acid

("PFOA") or perfluorooctane sulfonate ("PFOS") in their manufacturing process,

and have discharged PFCs, PFOA, and PFOS into the water system.  Id. at ¶¶ 46,

47.

      7.     The Plaintiff's Complaint also asserts claims against certain

defendants who are allegedly suppliers of chemicals containing PFCs, PFOA and

PFOS to the Manufacturing Defendants (the "Supplier Defendants").  Id. at ¶¶ 47,

64,

      8.     In Count I of its Complaint, Plaintiff alleges that the defendants were

negligent because they breached a duty they owed to Plaintiff to use reasonable

care by discharging PFOA, PFOS and related chemicals into the water supply.  Id.

at ¶¶ 63-66.

      9.     In Count II of its Complaint, Plaintiff alleges that the defendants have

created a nuisance by discharging of PFOA, PFOS and related chemicals into the

Plaintiff's water supply.  Id. at ¶¶ 67-71.

      10.    In Count III of its Complaint, Plaintiff alleges that the defendants have

trespassed by discharging PFOA, PFOS, and related chemicals into the Plaintiff's

water supply. Id. at ¶¶ 72-78.

11.     In Count IV of its Complaint, Plaintiff alleges that the defendants have acted in a wanton, willful and reckless manner in discharging PFOA, PFOS, and related chemicals into the Plaintiff's water supply.  Id. at ¶¶ 79-84.

12.     In Count V of its Complaint, Plaintiff seeks an injunction to prevent defendants from discharging PFOA, PFOS and related chemicals into the Plaintiff's water supply, and requiring the defendants to remove those chemicals from the water supply.  Id. at ¶¶ 85-87.

**A.     The Amount in Controversy Requirement is Met in this Action.**

13.     The amount in controversy in this action "exceeds the sum or value of $75,000, exclusive of interest and costs," and thus, the amount in controversy requirement for diversity jurisdiction is met in this action.   See 12 U.S.C. § 1332.

14.     In its Complaint, the Plaintiff claims the following damages:

- First, Plaintiff claims that it "has suffered substantial economic and consequential damage, including, but not limited to, expenses associated with the future installation and operation of a filtration system capable of removing the [defendants'] . . . chemicals from the water; expenses to monitor contamination levels; and lost profits and sales." See Complaint at ¶ 5.  The Plaintiff alleges damages "in an amount to be determined by a jury sufficient to compensate it for real property damages, out of pocket expenses,

lost profits and sales, and future expenses." Id. at Prayer for Relief.  For each item of monetary damages, the Plaintiff alleges that the defendants are  "jointly and severally" liable.  Id. at Prayer for Relief included after ¶¶ 66, 71,78, 84, and 87.  Plaintiff claims that these damages "exceed $10,000."  Id. at ¶ 7 ("Jurisdiction is proper in this Court pursuant to ALA. CODE § 12-11-30(1) (1975), as Plaintiff's claims exceed $10,000.").

- Second, Plaintiff demands judgment for attorneys' fees, and also punitive damages against all defendants.  See Count IV of the Complaint.

- Third, in addition to the monetary damages it seeks, Plaintiff also asserts injunctive relief against the defendants.  See Count V of the Complaint.  Plaintiff seeks "equitable and injunctive relief compelling the [defendants] . . . to remediate their contamination and prevent additional releases of PFCs, including PFOS and PFOA, into the water supply."  Id. at ¶ 6.  Plaintiff asks the court to order an injunction requiring defendants "to take all steps necessary to remove their chemicals from Plaintiff's water supplies and property."  Id. at ¶ 86.

15.     From the scope of Plaintiff's claims, the number of defendants sued, and the breadth of the damages asserted by the Plaintiff, it is apparent from the face of the Complaint that at the time of this removal, the Plaintiff's claims against the defendants are likely to exceed $75,000.  Id. at ¶¶ 5 and 6.  Even if not intuitive from the Complaint itself that Plaintiff's claims against the defendants are likely to exceed $75,000, the evidence, combined with reasonable inferences and deductions show the amount of alleged damages is far in excess of $75,000.  Shaw denies that there are any health risks associated with its manufacturing process and denies that the levels of PFCs reported in Plaintiff's water supply present any health risk.  Even if  any health risks existed, however, experts would ultimately be necessary to determine what remedy was appropriate.  For purposes of the removal analysis, the water filtration system alone - for which the Plaintiff seeks payment  - would cost in excess of $75,000 and that demand is sufficient to satisfy the amount in controversy requirement.  Id. at ¶ 5; Declaration of Stephanie Roberts, attached hereto at Exhibit C.

16.     Of course, here, in addition to the alleged damages related to the purchase of a new water filtration system, the Plaintiff also claims damages related to unquantified lost profits, lost sales and ongoing maintenance all of which would likely exceed the jurisdictional minimum.  Further, the Plaintiff seeks punitive damages as to each defendant, along with attorneys' fees.  See Holley Equip. Co. v.

8

Credit All. Corp., 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered").

17.     With respect to the additional injunctive relief that the Plaintiff seeks requiring the defendant to remove chemicals from Plaintiff's water system and to prevent these chemicals from contaminating the water supply, the monetary cost of each of the defendants purchasing and using a filtration system acceptable to the Plaintiff surely would be in excess of $75,000.  See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 973 (11th Cir. 2002). ("The value of injunctive relief for amount in controversy purposes is the 'monetary value of the object to the litigation that would flow to the plaintiffs if the injunction were granted.'"); Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) (Defendant is not "required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."   Instead, defendant only has to present "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations," that the value of the injunctive relief exceeds $75,000.").

18.     Accordingly, the Plaintiff's claims against the defendants, if Plaintiff is able to recover jointly against them as it seeks to do, seek in excess of $75,000 in the aggregate.  Moreover, even if the amounts in controversy against the

9

defendants are not aggregated, and instead the defendants are severally liable, the amount in controversy here is still in excess of $75,000 for each individual defendant. See e.g., Middle Tennessee News Co. v. Charnel of Cincinnati, Inc., 250 F.3d 1077, 1081 (7th Cir. 2001) ("In diversity cases, when there are two or more defendants, plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable; however, if the defendants are severally liable, plaintiff must satisfy the amount in controversy requirement against each individual defendant.").

19.    Thus, the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332 is satisfied.  It is clear from the face of Complaint itself, the facts asserted, and the declaration provided, that the true amount in controversy is well in excess of $75,000.

**B.    Complete Diversity Of Citizenship Exists as to all Properly Named Defendants.**

20.    There is complete diversity in this matter.  Plaintiff admits that it is a domestic municipal corporation formed pursuant to Ala. Code § 11-50-230, with its principal place of business in Etowah County, Alabama.  See Complaint at ¶ 9. Accordingly, Alabama is the state in which Plaintiff is domiciled and, therefore, the state of which Plaintiff is a citizen for purposes of determining diversity.

21.     Defendant Shaw Industries, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of Georgia.  28 U.S.C. § 1332(c)(1).

22.     Defendant 3M Company is incorporated in the State of Minnesota and has its principal place of business in St. Paul, Minnesota, so that for diversity purposes it is a citizen of the State of Minnesota. 28 U.S.C. § 1332(c)(1).

23.     Defendant Apricot International, Inc. is incorporated in the State of Delaware and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the States of Delaware and Georgia.  28 U.S.C. § 1332(c)(1).

24.     Defendant Arrowstar, LLC is a limited liability corporation incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia.  Its members (Charles and Bonita Cofield) are citizens of, and reside in, the State of Georgia, so that for diversity purposes Arrowstar, LLC is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

25.     Defendant Beaulieu Group, LLC is a limited liability company organized and existing under the laws of the State of Georgia and has its principal place of business in Dalton, Georgia.  Its members are Carl M. Bouckaert; Mieke D. Hanssens; Beaulieu of America, Inc.; and the CAMI Trust.  Carl M. Bouckaert is a citizen of Belgium.  Mieke D. Hanssens is a citizen of Georgia.  Beaulieu of

America, Inc. is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located in Georgia. The CAMI Trust is a Georgia trust with the following trustees and beneficiaries: Nicolas Bouckaert, Stanley Bouckaert, Nathalie Pollard, and Stephanie Bouckaert. Nicolas Bouckaert, Stanley Bouckaert, and Nathalie Pollard are citizens of Georgia. Stephanie Bouckaert is a citizen of Chile. For diversity purposes, Beaulieu Group, LLC is a citizen of Georgia, Belgium, and Chile. 28 U.S.C. § 1332 (c)(1); <u>Americold Realty Trust v. Conagra Foods, Inc.</u>, 136 S. Ct. 1012 (2016).

26.     Defendant Beaulieu of America, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia. 28 U.S.C. § 1332(c)(1).

27.     Defendant Collins & Aikman Floor Covering International, Inc. was incorporated in the State of Delaware and had its principal place of business in Dalton, Georgia, so that for diversity purposes it was a citizen of the States of Delaware and Georgia. 28 U.S.C. § 1332(c)(1).

28.     Defendant Daltonian Flooring, Inc. is incorporated in the State of Georgia and has its principal place of business in Calhoun, Georgia, so that for diversity purposes it is a citizen of the State of Georgia. 28 U.S.C. § 1332(c)(1).

29.     Defendant Dependable Rug Mills, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

30.     Defendant Dorsett Industries, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

31.     Defendant Dystar LP is a Delaware limited partnership and has its principal place of business in Charlotte, North Carolina.  Dystar LPs general partner is DyStar Acquisition Corporation, a Delaware Corporation with its principal place of business in North Carolina, and DyStar LP's limited partner is DyStar Americas Holding Corporation, a Delaware Corporation with its principal place of business in North Carolina.  For diversity purposes, Dystar LP is a citizen of Delaware and North Carolina.  28 U.S.C. § 1332(c)(1).

32.     Defendant ECMH, LLC d/b/a/ Clayton Miller Hospitality Carpets is a limited liability corporation incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia.  Its sole member (Tommy Boggs), is a citizen of, and resident of, the State of Georgia, so that for diversity purposes, ECMH, LLC is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

33.     Defendant Emerald Carpets, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

34.     Defendant Fortune Contract, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

35.     Defendant Harcros Chemicals Inc. is incorporated in the State of Kansas and has its principal place of business in Kansas City, Kansas, so that for diversity purposes it is a citizen of the State of Kansas.  28 U.S.C. § 1332(c)(1). This Defendant was incorrectly named as "Harcros Chemical, Inc." in the Complaint.

36.     Defendant Home Carpet Industries, LLC is a limited liability corporation incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia.  Its sole member (Carl Daniel Westfall, Jr.) is a citizen of, and resident of, the State of Georgia, so that for diversity purposes, Home Carpet Industries, LLC is a citizen of the State of Georgia.

37.     Defendant Indian Summer Carpet Mills, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

38.    Defendant J&J Industries, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

39.    Defendant Kaleen Rugs, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

40.    Defendant Lexmark Carpet Mills, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

41.    Defendant Lyle Industries, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

42.    Defendant MFG Chemical, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

43.    Defendant Mohawk Carpet, LLC is a limited liability company organized under the laws of the State of Delaware and has its principal place of business in Calhoun, Georgia.  It sole member, Mohawk Industries Inc., is a Delaware corporation with its principal place of business in Calhoun Georgia so

that, for diversity purposes, Mohawk Carpet, LLC is a citizen of Delaware and
Georgia.  28 U.S.C. § 1332(c)(1).

44.     Defendant Mohawk Group, Inc. is incorporated in the State of
Delaware and has its principal place of business in New York so that for diversity
purposes it is a citizen of the States of Delaware and New York.  28 U.S. C. §
1332(c)(1).  Defendant Mohawk Group, Inc. has nothing to do with the carpet
manufacturing industry, has never sold or manufactured carpets, and instead, is a
software company.  Mohawk Group, Inc. is mistakenly named in this lawsuit and
should be dismissed from the Complaint immediately and with prejudice.

45.     Defendant Mohawk Industries, Inc. is incorporated in the State of
Delaware and has its principal place of business in Calhoun, Georgia, so that for
diversity purposes it is a citizen of the States of Delaware and Georgia.  28 U.S.C.
§ 1332(c)(1).

46.     Defendant NPC South, Inc. is incorporated in the State of Rhode
Island and has its principal place of business in West Warwick, Rhode Island, so
that for diversity purposes it is a citizen of the State of Rhode Island.  28 U.S.C.
§ 1332(c)(1).

47.     Defendant Oriental Weavers USA, Inc. is incorporated in the State of
Georgia and has its principal place of business in Dalton, Georgia, so that for
diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

16

48.     Defendant S&S Mills, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

49.     Defendant Savannah Mills Group, LLC is a limited liability corporation incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia.  Its sole member, B.J. Bandy, III is a citizen of, and resides in the State of Georgia, so that for diversity purposes, Savannah Mills Group, LLC is a citizen of Georgia.  28 U.S.C. § 1332(c)(1).

50.     Defendant Tandus Centiva, Inc. is incorporated in the State of Delaware and has its principal place of business in Dalton, Georgia so that for diversity purposes it is a citizen of the States of Delaware and Georgia.  28 U.S.C. § 1332(c)(1).

51.     Defendant Tandus Centiva US, LLC is a limited liability corporation incorporated in the State of Delaware and has its principal place of business in Dalton, Georgia.  Its sole member is Tandus Centiva, Inc. which is incorporated in the State of Delaware and has its principal place of business in Dalton, Georgia, so that for diversity purposes, Tandus Centiva US, LLC is a citizen of the States of Delaware and Georgia.  28 U.S.C. § 1332(c)(1).

52.     Defendant The Dixie Group, Inc. is incorporated in the State of Tennessee and has its principal place of business in Dalton, Georgia, so that for

diversity purposes it is a citizen of the States of Tennessee and Georgia.  28 U.S.C. § 1332(c)(1).

53.     Defendant Tiarco Chemical Company, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

54.     Defendant Victor Carpet Mills, Inc. is incorporated in the State of Georgia and has its principal place of business in Dalton, Georgia, so that for diversity purposes it is a citizen of the State of Georgia.  28 U.S.C. § 1332(c)(1).

55.     Except as explained below, each of the above listed defendants has consented to this removal.  See Consents to Join in Removal, attached hereto as Exhibit A.  Defendant S&S Mills, Inc. states that its consent to removal should not be construed as an appearance by S&S Mills, Inc. in this tribunal, and S&S Mills reserves any personal jurisdictional defense provided by the Uniform Enforcements of Foreign Judgments Act (UEFJL).  Defendant Collins &Aikman Floor Covering International, Inc., was incorporated in Delaware and was dissolved in 1989.  See Exhibit C at ¶ 7.  Since Collins &Aikman Floor Covering International, Inc. has been dissolved for more than three years, it is not a suitable entity to sue or be sued, and thus, its consent is not required for removal.  See Rule 17 of the Federal Rules of Civil Procedure; Del. Code Ann. Title 8, § 278 (a Delaware corporation can prosecute and defend suites for only three years after

dissolution):  <u>Territory of U.S. Virgin Islands v. Goldman, Sachs & Co.</u>, 937 A.2d

760, 789 (Del. Ch. 2007), <u>aff'd,</u> 956 A.2d 32 (Del. 2008) (after a three year period

after dissolution is expired, a corporation cannot bring an action or defend an

action).  Because Collins & Aikman Floor Covering International, Inc. is dissolved

and cannot bring suit or be sued under Delaware law, consent is not necessary

because it no longer exists and any claim against that entity is void.

56.    The citizenship of "Fictitious Defendants A-J" is irrelevant to a

determination of citizenship for purposes of removal.  <u>See</u> 28 U.S.C. § 1441(b)(1)

("In determining whether a civil action is removable on the basis of the jurisdiction

under section 1332 (a) of this title, the citizenship of defendants sued under

fictitious names shall be disregarded.").

## C.    Industrial Chemicals, Inc. Was Fraudulently Joined and Misjoined.

57.    The remaining defendant, Industrial Chemicals, Inc., is the only non-

diverse defendant named by the Plaintiff in this action.  Industrial Chemicals, Inc.

was incorporated in Alabama and its principal place of business is in Alabama.

58.    Industrial Chemicals, Inc. is a supplier of chemicals, not a

manufacturer.  <u>See</u> www.industrialchem.com.  Industrial Chemicals, Inc. has

never manufactured, sold or distributed PFCs or products that contain PFCs to the

carpet manufacturing industry.  Furthermore, there appears to be no other

connection between Industrial Chemicals, Inc. and the claims in this case.

59.     There is no reasonable basis, and no reasonable basis is alleged in the Complaint, from which it may be inferred that Industrial Chemicals, Inc. did anything from which liability on its part could flow to Plaintiff for the discharge of PFOS and PFOA in to the water source at issue.

60.     Clearly, the only reason for the Plaintiff's joinder of Industrial Chemicals, Inc. in this action is that it is a resident of the State of Alabama, and its inclusion would allegedly defeat diversity jurisdiction.

61.     In the Eleventh Circuit, where a defendant is fraudulently joined, that defendant cannot be used to defeat removal of an action.  Joinder is fraudulent if either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.  Moreover, in the Eleventh Circuit, where the plaintiff joins co-parties and a factual nexus among the claims asserted against those parties is not sufficient to satisfy the joinder requirements of Rule 20 of the Federal Rules of Civil Procedure, the joinder of that defendant cannot defeat removal of an action.  See Tapscott v. MS Dealer Service Corp.. 77 F.3d 1353, 1360 (11th Cir. 1996) abrogated in part and on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000);  Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); accord Pacheo de Perez v. AT & T Co., 139 F. 3d 1368, 1380 (11th Cir. 1998).  Here, Industrial Chemicals, Inc. is fraudulently

joined because there is no possibility that Plaintiff can establish a cause of action against it with respect to the allegations of discharging PFOA and PFOS into waterways during the carpet and textile manufacturing process.  Moreover, Industrial Chemicals, Inc. has been fraudulently misjoined to defeat diversity.

62.     Industrial Chemicals, Inc., was fraudulently joined because there is no possibility that the Plaintiff can establish a cause of action against it.  Cabalceta, 883 F.2d at 1561.  The Plaintiff asserts claims in the Complaint against Industrial Chemicals, Inc. related to the discharge of PFOS and PFOA into the water during a manufacturing or delivery process when Industrial Chemicals, Inc., is not a manufacturer, and does not manufacture, sell or distribute PFCs or products that contain PFCs to the carpet manufacturing industry.  There is no reasonable basis, and no reasonable basis is alleged in the Complaint, from which it may be inferred that Industrial Chemicals, Inc. personally did anything from which individual liability on its part could flow to Plaintiff for the discharge of PFOS, PFOAs, or other PFCs, into the water source during the manufacturing process in Dalton, Georgia.  Industrial Chemicals, Inc. has no real connection to the controversy.  See Tapscott, 77 F.3d at 1360 (A defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.") (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921)).

21

63.     Nowhere in the Amended Complaint does Plaintiff make any specific allegations that Industrial Chemicals, Inc. discharged PFOA, PFOS or other PFCs into wastewater during the manufacturing process.  Instead, the Plaintiff alleges that certain defendants, like Industrial Chemicals, Inc. are the "chemical suppliers to manufacturing facilities in and around Dalton Georgia," who, in turn, discharged PFOA, PFOS and other PFCs into wastewater during the manufacturing process. See Complaint at ¶ 47.   The Plaintiff attempts to implicate the Supplier Defendants with broad conclusory allegations about the Manufacturer and Supplier Defendants and the manufacturing process.  See Complaint at ¶¶ 47, 62, 64, 69, and 74; see also Wiggins v. Am. Home Prods. Corp., 2001 WL 34013629 at *3 n. 4 (N.D. Ala. Oct. 2, 2001) (finding resident defendant fraudulently joined because "plaintiffs ma[de] no specific allegation[s] against [the in-state defendant] at all in any of the eight counts of the complaint"), aff'd, 37 Fed. Appx. 980 (11th Cir. 2002).  There is "no better admission of fraudulent joinder of [the resident defendants]" than the failure of the Plaintiff "to set forth any specific factual allegations" against them.  Lyons v. Am. Tobacco Co., 1997 WL 809677 at *5 (S.D. Ala. Sept. 30, 1997).

64.     Moreover, the Eleventh Circuit has refused to allow plaintiffs to immunize a case from federal removal by *misjoining* parties.   See Tapscott, 77 F.3d at 1360.  In Tapscott, the Eleventh Circuit affirmed the district court's

decision where, on a removal petition, the court disregarded the citizenship of improperly joined parties, even without a fraudulent joinder.  Id.   Where the factual nexus among alleged claims between the co-defendants does not satisfy the requirements of joinder set forth in Rule 20 of the Federal Rules of Civil Procedure, removal is still appropriate.   Id.; Fed. R. Civ. P. 20 (parties "may be joined in one action as defendants if: (A) any  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."). See also Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (if joinder of non-diverse defendant is fraudulent, "an action may nonetheless be removeable").

65.     In Tapscott, the Eleventh Circuit held in a putative class action that while the plaintiff might have had colorable claims against certain resident defendants, those resident defendants had "no real connection with the controversy" involving other defendants.   The Tapscott court held that the plaintiff's attempt to join the nondiverse parties was "so egregious as to constitute fraudulent joinder."  Id. 77 F.3d at 1360.

66.     Here, the factual nexus among alleged claims against Industrial Chemicals, Inc. and the remainder of the defendants does not satisfy the

requirements of joinder set forth in Rule 20 of the Federal Rules of Civil

Procedure.  No right to relief could be obtained jointly and severally among all the

defendants, no right to relief could arise out of the same transaction or occurrence,

and no questions of law or fact would be common to all.  See Fed. R. Civ. P. 20.

67.    Accordingly, Industrial Chemicals, Inc. was fraudulently joined, and

misjoined under Rule 20 of the Federal Rules of Civil Procedure.  On its face, the

Complaint cannot state a claim against Industrial Chemicals, Inc. for torts

stemming from the manufacturing or distributing of PFOA, PFOS, or other PFCs.

**III.    Shaw has Satisfied the Procedural Requirements for Removal.**

68.    This Notice of Removal is timely filed pursuant to 28 U.S.C.

§ 1446(b).

69.    The United States District Court for the Northern District of Alabama

embraces the county in which the state court action is now pending.  Therefore,

this action is properly removed to this Court pursuant to 28 U.S.C. §§ 90(a), 1332,

1441, and 1446.

70.    As established above, Industrial Chemicals, Inc. is fraudulently joined

or misjoined in this action, and, therefore, Shaw need not obtain its consent to

remove this action.

71.    The citizenship of "Fictitious Defendants A-J" is irrelevant for

purposes of determining diversity jurisdiction at removal.  28 U.S.C. § 1441(b)(1)

72.     The consent of Collins & Aikman Floor Covering International, Inc., which was incorporated in Delaware, is not necessary for this removal because it was dissolved in 1989 and cannot sue or be sued under Delaware law.

73.     The remaining defendants consent to this removal.

74.     There is complete diversity in this action.

75.     Pursuant to 28 U.S.C. § 1446(d), Shaw is filing written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending and will serve a copy of this Notice of Removal and its attachments on all parties to the removed action.

WHEREFORE, Defendant respectfully removes this action from the Circuit Court of Etowah County, Alabama, Civil Action No.: 31-cv-2016900676.00, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This 26th day of October, 2016.


 _/s/ Alfred F. Smith, Jr.
Alfred F. ("Buddy") Smith, Jr.
Alabama Bar no.:  ASB 8536 s70a

/s/ Sela S. Blanton
Alabama State Bar no.:  ASB 8397 e66s

Bainbridge, Mims, Rogers, and Smith, LLP
600 Luckie Drive, Suite 415
Birmingham, Alabama 35223

*Counsel for Defendants Shaw Industries, Inc. and Mohawk Group, Inc.*

25

William V. Custer
Georgia Bar No. 202910
bill.custer@bryancave.com
Jennifer B. Dempsey
Georgia Bar No. 217536
jennifer.dempsey@bryancave.com

BRYAN CAVE LLP
One Atlantic Center - Fourteenth Floor
1201 W. Peachtree Street, NW
Atlanta, Georgia 30309
Telephone:   (404) 572-6600
Facsimile:    (404) 572-6999

*Pro hac to be filed for Bryan Cave lawyers*

## CERTIFICATE OF SERVICE

This is to certify that on the 26th day of October, 2016, I caused to be served

this **NOTICE OF REMOVAL** by having same deposited with Federal Express

Delivery to the following parties listed below:

Jere L. Beasley, Esq.
Rhon E. Jones, Esq.
Richard D. Stratton, Esq.
Grant M. Cofer, Esq.
Beasley, Allen, Crow, Methvin, Portis
   & Miles, P.C.
218 Commerce Street
Montgomery, AL 36104
*Attorneys for Plaintiff*

Roger H. Bedford, Esq.
Roger Bedford & Associates, P.C.
303 North Jackson
Russellville, AL 35653
*Attorney for Plaintiff*


R. Scott Cunningham, CFO
Home Carpet Industries, LLC
2730 Dug Gap Road, SW
Dalton, GA 30722-0326

Service to the following party by U.S.
First Class Mail:

Apricot International
P.O. Box 1544
Dalton, GA 30721-1544


Service to the following parties by
electronic mail:

Harlan I. Prater, IV, Esq.
William S. Cox, III, Esq.
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203-3200
Email: hprater@lightfootlaw.com
          wcox@lightfootlaw.com
***Attorney for Defendant 3M Company***

Warren N. Coppedge, Jr., Esq.
Stephen Michmerhuizen, Esq.
Coppedge & Associates PC
508 South Thornton Avenue
Dalton, GA 30720
Email: warren@coppedgefirm.com
          steve@coppedgefirm.com

C. Paul Cavender, Esq.
Burr Forman LLP
Suite 3400
420 North 20th Street
Birmingham, AL 35203
Email: pcavender@burr.com

***Attorneys for Defendant Arrowstar,
LLC***

Ken Sansom, Esq.
Michael Morris, Esq.
Spotswood Sansom & Sansbury LLC
One Federal Place
1819 Fifth Avenue North
Suite 1050
Birmingham, AL 35203
Email: ksansom@spotswoodllc.com
          mmorris@spotswoodllc.com

Peter Farley, Esq.
McGuire Woods
Promenade
1230 Peachtree Street, N.E.
Suite 2100
Atlanta, GA 30309-3534
Email: pfarley@mcguirewoods.com
***Attorneys for Defendants Beaulieu
Group, LLC, and Beaulieu of America,
Inc.***

Steven F. Casey, Esq.
Jones Walker LLP
One Federal Place
Suite 1100
1819 5th Avenue N
Birmingham, AL 35203
Email: scasey@joneswalker.com
***Attorney for Defendants Dependable
Rug Mills, Inc., and Lyle Industries,
Inc.***

E. Britton Monroe, Esq.
Bryan A. Grayson, Esq.
Lloyd, Gray, Whitehead & Monroe,
P.C.
880 Montclair Road
Suite 100
Birmingham, AL 35213
Email: bmonroe@lgwmlaw.com
          bgrayson@lgwmlaw.com
***Attorneys for Defendants Daltonian
Flooring, Inc., and Industrial
Chemicals, Inc.***

M. Jerome Elmore, Esq.
Bondurant Mixson & Elmore LLP
One Atlantic Center
1201 W. Peachtree St., NW
Suite 3900
Atlanta, GA 30309
Email: elmore@bmelaw.com
***Attorney for Defendant Dorsett
Industries, Inc.***

Steve Weber, Esq.
Parker Poe Adams & Bernstein
Three Wells Fargo Center
401 S. Tryon Street
Suite 3000
Charlotte, NC 20202
Email: steveweber@parkerpoe.com
***Attorney for Defendant Dystar, L.P.***

David J. Marmins, Esq.
Morgan E.M. Morrison, Esq.
Arnall Golden Gregory LLP
171 17th Street,  NW
Suite 2100
Atlanta, GA 30363
Email: david.marmins@agg.com
    morgan.morrison@agg.com
***Attorneys for Defendants ECMH, LLC
d/b/a Clayton Miller Hospitality
Carpets, and Emerald Carpets, Inc.***

Gregory A. Brockwell, Esq.
Leitman, Siegal & Payne, P.C.
Wells Fargo Tower
420 20th Street North
Suite 2000
Birmingham, AL 35203
Email: gbrockwell@lsppc.com
***Attorney for Defendants Fortune
Contract, Inc., Indian Summer Carpet
Mills, Inc., and NPC South, Inc.***

D. Bart Turner, Esq.
Alan Truitt, Esq.
Kazmerak Mowrey Laseter LLP
3008 7th Avenue South
Birmingham, AL 35233
Email: bturner@kmcllaw.com
    atruitt@kmcllaw.com
***Attorneys for Defendant Harcros
Chemicals Inc.***

Michael Dumitru, Esq.
W. Randall Wilson, Esq.
Miller & Martin PLLC
Volunteer Building
Suite 1200
832 Georgia Avenue
Chattanooga, TN 37402
Email:
michael.dumitru@millermartin.com
randy.wilson@millermartin.com
***Attorneys for Defendants J&J
Industries, Inc., and The Dixie Group,
Inc.***

Matt Brownfield, Esq.
David C. Higney, Esq.
Grant Konvalinka & Harrison, PC
Republic Center, Ninth Floor
633 Chestnut Street
Chattanooga, TN 37450
Email: mbrownfield@gkhpc.com
    dhigney@gkhpc.com
***Attorneys for Defendants Kaleen Rugs,
Inc., and Oriental Weavers USA, Inc.***

Anthony N. Upshaw, Esq.
McDermott Will & Emery LLP
333 SE 2nd Avenue
Suite 4500
Miami, Florida 33131-4336
Email: aupshaw@mwe.com
***Attorney for Defendant Lexmark
Carpet Mills, Inc.***

Doug Scribner, Esq.
David Carpenter, Esq.
Geoff Rathgeber, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309-3424
Email: doug.scribner@alston.com
         david.carpenter@alston.com
         geoff.rathgeber@alston.com
***Attorneys for Defendants Mohawk
Carpet, LLC, and Mohawk Industries,
Inc.***

Bennie M. Laughter, Esq.
Bennie M. Laughter, LLC
P.O. Box 1005
Dalton, GA 30722-1005
Email: laughterlaw@optilink@us
***Attorney for Defendant Savannah
Mills Group, LLC***

Richard Broughton, Esq.
Ball, Ball, Matthews & Novak, P.A.
445 Dexter Avenue
Suite 9045
Montgomery, AL 36104
Email: rbroughton@ball-ball.com
***Attorney for Defendant MFG
Chemical, Inc.***

Robert G. McCurry, Esq.
The McCurry Law Firm, LLC
122 W. King Street
Dalton, GA 30720
Email: rmccurry@mccurrylaw.com
***Attorney for Defendant S&S Mills, Inc.***

G. Donald Johnson, Esq.
Michael Sullivan, Esq.
Womble Carlyle
Atlantic Station
271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017
Email: djohnson@wcsr.com
         msullivan@wcsr.com
***Attorneys for Defendants Tandus
Centiva, Inc., and Tandus Centiva US,
LLC***

Stephen E. O'Day, Esq.
Andrew M. Thompson, Esq.
Smith, Gambrell, and Russell, LLP
Promenade, Suite 3100
1230 Peachtree Street, NE
Email: soday@sgrlaw.com
       athompson@sgrlaw.com
***Attorneys for Defendant Tiarco***
***Chemical Company, Inc.***

Jim Gentry, Esq.
601 Greensboro Avenue
Tuscaloosa, AL 35401
Email: jimgent2317@gmail.com
***Attorney for Defendant Victor Carpet***
***Mills, Inc.***

/s/  Alfred F. Smith, Jr.
Alfred F. ("Buddy") Smith, Jr.
Bainbridge, Mims, Rogers, and Smith, LLP
The Luckie Building
Suite 415
600 Luckie Drive
Birmingham, Alabama 35223
*Attorney for Defendants Shaw Industries,*
*Inc. and Mohawk Group, Inc.*